HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNY RENEE ROBINSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:21-cv-01638-RAJ

ORDER

This matter comes before the Court on *pro se* Petitioner Penny Renee Robinson's ("Ms. Robinson" or "Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody. Dkt. # 1. The Government filed a response to the Motion. Dkt. # 6. For the reasons that follow, the Court **DENIES** Petitioner's Motion.

**I.    BACKGROUND**

In June 1997, Petitioner pleaded guilty to Aiding and Abetting Bank Robbery, in violation of 18 U.S.C. § 2113. *See generally* Case No. 2:97-cr-00209-WLD-01 at Dkt. # 12.[1] In October 1997, the Court sentenced Petitioner to twelve months and one day in

---

[1] The Court will refer to court record from the 1997 criminal case as "97-209 Dkt. # __."

prison and three years of supervised release. *Id.* at 97-209 Dkt. ## 20, 29. In addition, the Court ordered Petitioner to pay $609.52 in restitution. *Id.* Petitioner appealed, and the Ninth Circuit affirmed the District Court's decision and issued a mandate in July 1998. *Id.* at 97-209 Dkt. ## 21, 28. On December 7, 2021, Petitioner filed the instant § 2255 motion, seeking vacatur of the Court's 1997 judgment. Dkt. # 1.

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may file a motion to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). In such an instance, the prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.*

Under 28 U.S.C. § 2253(c), there is no right to appeal from a final order in a proceeding under section 2255 unless a circuit judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B).

## III.  DISCUSSION

### a. Jurisdiction

Petitioner appears to seek vacatur of the 1997 judgment based on the length of time that has passed since then, stating that "[t]his happened more than 24 years ago. I haven't been in a any trouble in more than 18 years[,]" and because "this behavior no longer applies to me." Dkt. # 1 at 14-15. Petitioner explains that she has filed her motion at this time, approximately two decades after her incarceration, "because I could not immediately after my sentence due to serving time and not behaving myself." *Id.* at 15. However, Petitioner's claim must fail, as § 2255 provides relief to petitioners currently in custody, and further, Petitioner's motion is untimely.

"Motions to vacate a sentence under 28 U.S.C. § 2255 are expressly available only to a 'prisoner in custody.'" *U.S. v. Reeves*, 744 F.3d 562, 564 (9th Cir. 2014). While the definition of "custody" does include supervised release and probation, *id.*, Petitioner was long out of custody at the time that she filed her § 2255 motion. Because Petitioner was no longer "a prisoner in custody" at the time of filing, this Court does not have jurisdiction to consider Petitioner's motion. *Id.* at 564-565 (District Court did not have jurisdiction to consider defendant's § 2255 motion because defendant's probation expired one day before filing). Petitioner's motion must be dismissed for lack of jurisdiction.

### b. Statute of Limitations

The statute of limitations provides a separate basis on which Petitioner's motion must be denied. Motions brought under § 2255 are subject to a one-year statute of limitations that runs from "the latest of four events, including the date on which the judgment of conviction becomes final." *U.S. v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015); 28 U.S.C. § 2255(f)(1). Because Petitioner did not petition for a writ of certiorari with the United States Supreme Court, the one-year statute of limitations began to run 90 days after the Ninth Circuit affirmed her conviction in 1998. *See Clay v. U.S.*, 537 U.S. 522, 532 (2003) (explaining that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"); *see also* Sup. Ct. R. 13(1). The one-year statute of limitations has long passed.

Further, Petitioner is not entitled to equitable tolling of the statute of limitations. To be entitled to equitable tolling, a petitioner must show "(1) that [she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in the way." *Gilbert*, 807 F.3d at 1202 (citing *Holland v. Florida*, 560 U.S 631, 649 (2010)). In addressing the timeliness of her petition, Ms. Robinson explains that she could not file earlier because she was "serving time and not behaving myself." Dkt. # 1 at 15. However, Petitioner presents no "extraordinary circumstances beyond [her] control" that made it

"impossible" to file her § 2255 motion within the one-year statute of limitations. *Gilbert*, 807 F.3d at 1202 (citing *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)) (quotations omitted). As such, Petitioner is not entitled to tolling of the statue of limitations.

### c. *Coram nobis* relief

The doctrine of coram nobis allows a court to vacate a criminal judgment "for errors of fact… in those cases where the errors are of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987) (citing *United States v. Mayer*, 235 U.S. 55, 69 (1914)). The Ninth Circuit has long held that this doctrine is only available to correct "grave injustices in a narrow range of cases" and that the nature of this relief is "extraordinary." *U.S. v. Reidl*, 496 F.3d 1003, 1005-1006 (9th Cir. 2007) (quotations omitted). Such relief is available only if "a more usual remedy," such as relief under § 2255, is unavailable the defendant. *Hirabayashi*, 828 F.2d at 604. This includes instances where a defendant's sentence has been fully served. *Id.* (citing *United States v. Morgan*, 346 U.S. 502, 504-505. (1954)). The Ninth Circuit has adopted the following framework for deciding if a writ of error coram nobis should issue:

> A petitioner must show the following to qualify for coram nobis relief: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Reidl*, 496 F.3d at 1006 (quotations omitted). Here, the Government agrees that § 2255 relief is unavailable to Petitioner, and that there is a presumption that "collateral consequences flow from any criminal conviction." *Hirabayashi*, 828 F.2d at 606. This satisfies the first and third prongs of this inquiry. However, as discussed above, Petitioner cannot show that she had valid reasons for waiting approximately twenty years to attack her conviction, and she does not attempt to proffer that her conviction was marred by

errors "of the most fundamental character." As such, coram nobis relief is unavailable to Petitioner.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. # 1) and directs the clerk to **DISMISS** this action and enter judgment for the Government. The Court finds that reasonable jurists would not debate the resolution of this motion. Accordingly, the Court declines to issue a certificate of appealability. *See* Fed. R. Governing § 2255 Proceedings, Rule 11(a); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 16th day of August, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge